

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00229-CR

MARCOS JUSTIN MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 24,520-B, Honorable John B. Board, Presiding

November 19 , 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In 2014, appellant, Marcos Justin Martinez, pleaded guilty, with an agreed recommendation from the State, to the offense of aggravated assault with a deadly weapon.[1] In accordance with appellant's plea agreement with the State, the trial court found sufficient evidence to find appellant guilty, but deferred making a finding regarding appellant's guilt and placed appellant on community supervision for a period of seven

---

[1] *See* TEX. PENAL CODE ANN. § 22.02 (West 2019).

years.  *See* TEX. CODE CRIM. PROC. ANN. art. 42A.101 (West 2018).  In 2018, the State filed a motion to proceed with adjudication of appellant's guilt.

At the hearing, appellant pleaded true to each of the alleged violations of the terms of his community supervision.  The trial court found the alleged violations true, adjudicated appellant guilty, and sentenced appellant to twenty years' confinement.  Appellant timely filed a notice of appeal.  In this appeal, counsel for appellant has filed an *Anders*[2] brief in support of a motion to withdraw.  We grant counsel's motion, reform the judgment, and affirm as modified.

Counsel has certified that she has conducted a conscientious examination of the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment.  In a letter to appellant, counsel notified him of her motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response.  *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief).  By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief.  Appellant requested and was granted two extensions of time for filing his pro se

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

response to counsel's *Anders* brief, but he has not filed a response.[3]  The State has not filed a brief.

By her *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous.  We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal but, like counsel, we have found no such issues.  *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Following our careful review of the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.

In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified where there is non-reversible error."  *Ferguson v. State*, 435 S.W.3d 291, 293-94 (Tex. App.—Waco 2014, pet. dism'd) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).  The trial court announced from the bench that it was granting appellant credit for jail time served.  However, the judgment does not reflect the full amount of time appellant served.  The judgment recites time credited for two periods: from May 4, 2016, to October 31, 2016, and from January 17, 2018, to March 19, 2018.  However, the record reflects that appellant also served time from July 31, 2013, when he was arrested for the underlying offense, to August 6, 2013, when he was released on bond.  Therefore, given our authority to reform the judgment, we will reform the trial court's judgment to reflect that appellant is credited for those

---

[3] Appellant's response was due on or before December 17, 2018.

additional seven days served on this charge.  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*,

865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (en banc).

Accordingly, we grant counsel's motion to withdraw[4] and reform the judgment of

the trial court to reflect that appellant is credited with time served from July 31, 2013, to

August 6, 2013.  We affirm the judgment of the trial court as so modified.


Judy C. Parker
Justice


Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n.33.